WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Manuel Rivera,<br><br>    Plaintiff,<br><br>  vs.<br><br>Detention Officer Brennan, et al.,<br><br>    Defendants. | No.  CV 13-1292-PHX-RCB (JFM)<br><br>**O R D E R** |

Plaintiff Ramon Manuel Rivera, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  In a September 26, 2013 Order, the Court directed Plaintiff to pay the $400.00 administrative and filing fees or file an Application to Proceed *In Forma Pauperis*.  On October 18, 2013, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 4).  The Court will order Defendant Brennan to answer Count One of the Complaint and will dismiss the remaining claim and Defendant without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $15.22.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

1  separate Order requiring the appropriate government agency to collect and forward the
2  fees according to the statutory formula.

3  **II.     Statutory Screening of Prisoner Complaints**

4  The Court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or an officer or an employee of a governmental entity. 28
6  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff
7  has raised claims that are legally frivolous or malicious, that fail to state a claim upon
8  which relief may be granted, or that seek monetary relief from a defendant who is
9  immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10  A pleading must contain a "short and plain statement of the claim *showing* that the
11  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
12  does not demand detailed factual allegations, "it demands more than an unadorned, the-
13  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
14  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
15  conclusory statements, do not suffice."  *Id.*

16  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
17  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
18  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
19  content that allows the court to draw the reasonable inference that the defendant is liable
20  for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
21  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
22  on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
23  specific factual allegations may be consistent with a constitutional claim, a court must
24  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
25  at 681.

26  But as the United States Court of Appeals for the Ninth Circuit has instructed,
27  courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
28  342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

TERMPSREF

- 2 -

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III.     Complaint

Plaintiff names Maricopa County Detention Officers Brennan and #2124 as Defendants in the Complaint. Plaintiff raises two claims for relief.

In Count One, Plaintiff claims his Fourteenth Amendment rights were violated when Defendant Brennan failed to protect him from an attack by another inmate. Plaintiff claims he is in protective custody because he is elderly and in a wheelchair. On January 6, 2013, Plaintiff was placed in the recreation yard for his "hour out" and notified Defendant Brennan that another inmate, who was also in the yard at the same time, had threatened Plaintiff's life and appeared to be intoxicated and was displaying volatile behavior. Plaintiff alleges that Defendant Brennan disregarded the warning and Plaintiff was subsequently assaulted. Plaintiff claims that Defendant Brennan also used mace on Plaintiff, rather than Plaintiff's attacker.

In Count Two, Plaintiff claims his Fourteenth Amendment rights were violated when Defendant #2124 failed "to control the traffic between a violent subject and a vulnerable target, subjecting [Plaintiff] to risk of serious harm by an unreasonable protected observation." Plaintiff alleges that Defendant #2124 allowed "free reign" in the jail and allowed Plaintiff's attacker easy access to Plaintiff.

Plaintiff seeks money damages and injunctive relief.

### IV.     Failure to State a Claim

The Supreme Court has held that mere negligent failure to protect an inmate from another inmate is not actionable under § 1983. *Davidson v. Cannon*, 474 U.S. 344 (1986). A prison official violates the Eighth and Fourteenth Amendments in failing to protect one inmate from another only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the prison official must have a

"sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must *both* be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference.

*Id.* at 839.

Plaintiff has not alleged facts sufficient to demonstrate Defendant #2124 acted with deliberate indifference; Plaintiff does not demonstrate that Defendant #2124 was aware of serious risk of harm to Plaintiff's safety and failed to act. At most, Plaintiff's facts suggest Defendant #2124 was negligent in controlling inmate movement. As noted above, negligence is not sufficient to support a claim for deliberate indifference. The Court will dismiss Count Two and Defendant #2124.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated a failure to protect claim against Defendant Brennan in Count One. The Court will require Defendant Brennan to answer Count One.

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

TERMPSREF

- 4 -

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 4) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $15.22.

(3) Count Two is **dismissed** without prejudice.

(4) Defendant #2124 is **dismissed** without prejudice.

(5) Defendant Brennan must answer Count One.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Brennan.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the

TERMPSREF

1  filing of the Complaint or within 60 days of the filing of this Order, whichever is later,
2  the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

3  (9) The United States Marshal must retain the Summons, a copy of the
4  Complaint, and a copy of this Order for future use.

5  (10) The United States Marshal must notify Defendant of the commencement of
6  this action and request waiver of service of the summons pursuant to Rule 4(d) of the
7  Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this
8  Order.  **The Marshal must immediately file signed waivers of service of the**
9  **summons.  If a waiver of service of summons is returned as undeliverable or is not**
10 **returned by a Defendant within 30 days from the date the request for waiver was**
11 **sent by the Marshal, the Marshal must**:

12  (a) personally serve copies of the Summons, Complaint, and this Order
13  upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;
14  and

15  (b) within 10 days after personal service is effected, file the return of
16  service for Defendant, along with evidence of the attempt to secure a waiver of
17  service of the summons and of the costs subsequently incurred in effecting service
18  upon Defendant.  The costs of service must be enumerated on the return of service
19  form (USM-285) and must include the costs incurred by the Marshal for
20  photocopying additional copies of the Summons, Complaint, or this Order and for
21  preparing new process receipt and return forms (USM-285), if required.  Costs of
22  service will be taxed against the personally served Defendant pursuant to Rule
23  4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the
24  Court.

25  (11) **If Defendant agrees to waive service of the Summons and Complaint,**
26  **Defendant must return the signed waiver forms to the United States Marshal, not**
27  **the Plaintiff.**

28

TERMPSREF

- 6 -

(12) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 25th day of February, 2014.

_____
Robert C. Broomfield
Senior United States District Judge

TERMPSREF